CT Corporation

**Service of Process Transmittal**
03/03/2011
CT Log Number 518133364

**TO:** Myrna Goodrich, U13N, Paralegal
Aetna, Inc.
980 Jolly Road
Blue Bell, PA 19422-1904

**RE:** **Process Served in Tennessee**

**FOR:** Aetna Life Insurance Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Stephanie Anne Gray, etc., Pltf. vs. Aetna Life Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Return Form, Complaint, Exhibits |
| **COURT/AGENCY:** | Shelby County Chancery Court, TN<br>Case # CH1102111 |
| **NATURE OF ACTION:** | Insurance Litigation - Seeking declaratory judgment and to enforce final decree of divorce |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/03/2011 postmarked on 03/01/2011 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date this summons is served upon you |
| **ATTORNEY(S) / SENDER(S):** | John E. McManus<br>8304 Walnut Grove<br>Suite 200<br>Memphis, TN 38126<br>901-624-2244 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/04/2011, Expected Purge Date: 03/09/2011<br>Image SOP<br>Email Notification, Desiree Beatty beattyd@aetna.com<br>Email Notification, Tracy Shorts shortsT@aetna.com<br>CC Recipient(s)<br>Lisa Adinolfi, via Customer Pick-up |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / EF

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**brenda.meade@tn.gov**

February 28, 2011

Aetna Life Insurance Company                    Certified Mail
800 S. Gay Street, Ste 2021, % C T Corp.        Return Receipt Requested
Knoxville, TN  37929-9710                        7010 2780 0001 2570 5766
NAIC # 60054                                     Cashier # 1875

Re:    Stephanie Anne Gray, Administratrix  V.  Aetna Life Insurance Company

       Docket # Ch-11-0211-1

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served February 18, 2011, on your behalf in connection with
the above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Shelby County
    140 Adams Street, Rm 308
    Memphis, Tn  38103

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT AT MEMPHIS | **SUMMONS** | DOCKET NUMBER CH- 11-0211-1 |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| Stephanie Ann Gray, Individually and as Administratrix of The Estate of Ronald Earl Gray, Jr. Deceased | Aetna Life Insurance Company |

**TO:   (NAME AND ADDRESS OF DEFENDANT)**

AETNA LIFE INSURANCE COMPANY
151 FARMINGTON AVENUE
HARTFORD, CT 06156
(860) 273-0123

**Method of Service:**

☐ Certified Mail
☐ Shelby County Sheriff
☒ Comm. Of Insurance*
☐ Secretary of State*
☐ Out of County Sheriff*
☐ Private Process Server
☐ Other
   *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your answer to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your answer with the Clerk of the Court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default can be rendered against you for the relief sought in the complaint.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED 8 of February, 20 11 |
|---|---|
| JOHN E. MCMANUS ATTORNEY AT LAW 8304 WALNUT GROVE, SUITE 200 MEMPHIS, TENNESSEE 38126 901-624-2244 (Telephone) 901-624-2255 (Facsimile) johnmcmanus1@bellsouth.net | Dewun R. Settle, Clerk and Master By: _____ Deputy Clerk & Master |

| TO THE SHERIFF: | Came to hand |
|---|---|
| | _____ day of _____, 20 _____ |
| | Sheriff |

**Submit one original and one copy for each defendant to be served.

! Questions regarding this summons and the attached documents should be addressed to the Attorney listed above.

For ADA assistance only, call (901) 379-7895

09/18/07

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____   ☐ Not Found _____
☐ Not Served _____   ☐ Other _____

| | By: |
|---|---|
| DATE OF RETURN: This _____ day of _____, 20 _____. | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20____, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to

the defendant _____. On the _____ day of _____, 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20____. | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| Signature of ____ Notary Public or ____ Deputy Court Clerk | |
| My Commission Expires: | |

### NOTICE OF PERSONAL
### PROPERTY EXEMPTION

TO THE DEFENDANT(S):
    Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
              140 Adams Ave.
              Room 308
              Memphis, TN 38103

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Dewun R. Settle, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Dewun R. Settle, Clerk & Master |
|---|---|
| | By:_____ |
| | D.C. & M. |

09/18/07

# IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

FEB 08 2011

DEWUN R. SETTLE, C & M
TIME: _____ BY: _____

STEPHANIE ANNE GRAY, INDIVIDUALLY AND
AS ADMINISTRATRIX OF THE ESTATE OF
RONALD EARL GRAY, JR., DECEASED,

PLAINTIFF,                        NO. CH-11-0211-1

VS.

AETNA LIFE INSURANCE COMPANY

DEFENDANT.

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND TO ENFORCE
## FINAL DECREE OF DIVORCE

---

TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF SHELBY

COUNTY, TENNESSEE:

COMES NOW Stephanie Anne Gray and in support of the Complaint filed herein would

show to the court as follows:

1.     Stephanie Anne Gray, Plaintiff herein, is a resident of Shelby County, Tennessee.

2.     Aetna Life Insurance Company, a Connecticut Corporation, is licensed to conduct

business in the state of Tennessee.

3.     Your Plaintiff herein is the former wife of the deceased, Ronald Earl Gray, Jr., who

died on June 23, 2010 in Memphis, Shelby County, Tennessee.  Thereafter, and on September 28,

2010, Plaintiff was appointed Administratrix of the Estate of Ronald Earl Gray, Jr., pursuant to that

certain order in the Probate Court of Shelby County, Tennessee, Docket No. D-10425, Order

Opening Estate and Granting Letters of Administration.

4.     Your Plaintiff herein is the mother and natural guardian of two (2) minor children

born of the marriage between Plaintiff and deceased, said children being Walker Vincent Gray, age

7, Lillian Winter Gray, age 4. Both children reside with Plaintiff.

     5.     By Final Decree of Absolute Divorce granted on October 26, 2009, in the Chancery Court of Tennessee for the Thirteenth Judicial District at Memphis, Docket No. CH-09-1404 II, Plaintiff was granted the absolute care and custody of the parties' two (2) minor children. (A copy of said Final Decree of Divorce is attached hereto as Exhibit 1.)

     6.     That incorporated into the Final Decree of Divorce was a Marital Dissolution Agreement entered into between Plaintiff and Deceased and incorporated by reference into the final decree. (A copy of said Marital Dissolution Agreement is attached hereto as Exhibit 2.)  Also incorporated into the Final Decree of Divorce is a Permanent Parenting Plan Order, which was executed by the Plaintiff and the Deceased and approved by the Court. (A copy of said Parenting Plan is attached hereto as Exhibit 3.)

     7.     Part of the financial support ordered by the Court in the Parenting Plan located in SECTION III. FINANCIAL SUPPORT, E. LIFE INSURANCE, page 5,  the deceased was ordered to maintain life insurance in a minimum amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00) naming the Plaintiff herein the irrevocable primary beneficiary as trustee for the benefit of the minor children, to serve without bond or accounting, and if more life insurance was available to the deceased through his employment, he was so ordered to obtain said insurance with the children named as beneficiaries, with mother serving as trustee for the benefit of the children. Said obligation on the Deceased was to continue so long as the obligation for child support continued.

     8.     That Plaintiff, upon being appointed Administratrix of the Estate of the Deceased, and while making inventory of assets and insurance of the deceased, found a certain notation of life insurance benefit/policy that the deceased had under a group life insurance benefit plan with his employer E.W. Scripps, Control No.: 605839, through Aetna Life Insurance Company, the

Defendant herein.

9.       That Plaintiff upon discovering the existence of said life insurance policy, processed the claim for the benefit of her two (2) children with the Defendant. Subsequently, Aetna informed the Plaintiff that the life insurance policy for the deceased indicated a sole beneficiary of Walker Gray, and that said proceeds of insurance would only be paid for the benefit of Walker Gray subsequent to Plaintiff being appointed Guardian.

10.       Plaintiff alleges that all times material hereto and at the time of the execution of the Permanent Parenting Plan, Marital Dissolution Agreement, and the Final Decree of Divorce, between the Plaintiff and the deceased, said Aetna life insurance benefit through the deceased's employer was in existence and that the deceased failed by either simple negligence or inadvertence, to change the beneficiary of said policy to your Plaintiff herein as irrevocable beneficiary for the benefit of the parties' two (2) minor children as ordered by the Court.

11.       Plaintiff alleges that the final decree of divorce between the Plaintiff and the deceased, vested  in the Plaintiff as trustee for the parties' two (2) minor children a right to any life insurance policy obtained by or held by the deceased that satisfied the mandate of the final decree of divorce, and thus, Plaintiff is entitled the imposition of a constructive trust on the proceeds of the Aetna insurance policy.

12.       Plaintiff alleges that unless the insurance proceeds held by the Defendant are made payable to your Plaintiff as the trustee for the benefit of her two (2) minor children, the mandate of the Chancery Court final decree will not be followed and only one of the Plaintiff's minor children will receive the benefit of the life insurance proceeds, to the detriment of the other child.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1.       That service of process issued against the Defendant, Aetna Life Insurance Company by service through the Commissioner of Commerce and Insurance.

2.     That Aetna Life Insurance Company be required to answer the complaint filed herein.

3.     That in the alternative, Aetna Life Insurance Company be allowed to interplead said funds pending the determination and ruling by this honorable Court on the premises presented herein.

4.     That a constructive trust be imposed upon the insurance proceeds payable by the Aetna Life Insurance Company, and that Aetna be ordered to pay said proceeds to the Plaintiff as trustee for the minor children, Walker Vincent Gray and Lillian Winter Gray.

5.     That Plaintiff be awarded such other, further and general relief to which she may be entitled to upon the hearing of this cause.

Respectfully submitted,

JOHN E. McMANUS, BPR #8340
Attorney for Plaintiff
8304 Walnut Grove, Suite 200
Memphis, Tennessee 38018
(901) 624-2244 (Telephone)
(901) 624-2255 (Facsimile)

**STATE OF TENNESSEE**

**COUNTY OF SHELBY**

STEPHANIE ANNE GRAY, Plaintiff, makes oath that the statements contained in the

foregoing complaint are true to the best of her knowledge, information and belief.

_____
STEPHANIE ANNE GRAY

SWORN TO AND SUBSCRIBED before me this the 8th day of Feb. ,

2011.

_____
NOTARY PUBLIC

My Commission Expires: 9-1-2014

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

STEPHANIE ANNE GRAY,

    Plaintiff,

v.

                                     No.: CH-09-1404
                                     Part II

RONALD EARL GRAY, JR.,

    Defendant.

---

## FINAL DECREE OF ABSOLUTE DIVORCE

THIS CAUSE came to be heard upon the original Complaint for Absolute Divorce, testimony of the Plaintiff, Marital Dissolution Agreement executed by the parties and filed in this cause, Permanent Parenting Plan entered into by the parties and submitted to the Court for approval, statements of counsel, and the entire record; from all of which it appears and is found by the Court as follows:

    1.      The parties have irreconcilable differences in their marriage.

    2.      The Court affirmatively finds that the parties have made adequate and sufficient provision by written agreement for the equitable settlement of any property rights between the parties.

    3.      The Court finds that are two minor children of the marriage, namely, Walker Gray, born November 22, 2003, and Lillian Gray, born July 15, 2006. The terms for the care and support of these minor children are set forth in the Permanent Parenting Plan. The Permanent Parenting Plan makes adequate provisions for the care and support of the minor children and



child support conforms with the Tennessee Department of Children's Services Child Support Guidelines.

4. The Court finds that Defendant's child support obligation will be set at $2,000.00 per month. This child support obligation is a slight deviation upward, but it is necessary because of the additional and special expenses required for tutoring, counseling, and treatment for the minor son of the parties. Pursuant to the Tennessee Child Support Guidelines it would be $1,529.00 per month.

IT IS THEREFORE SO ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

a. A default judgment is granted against the Defendant, and the Plaintiff is awarded an absolute divorce on the grounds of irreconcilable differences, and the parties are hereby restored to the status of unmarried persons.

b. The Marital Dissolution Agreement executed by the parties is hereby approved and incorporated into this Final Decree of Absolute Divorce as if set forth verbatim herein.

c. Each party is ordered to take all steps necessary to carry out the terms of the Marital Dissolution Agreement, including, but not limited to, the execution of documents.

d. That pursuant to Tennessee Code Annotated § 36-6-101 (a) (3), during periods when a child is not in a parent's possession, that parent shall have the following rights:

a. The right to unimpeded telephone conversations with the children at least twice a week at reasonable times and for reasonable durations.

b. The right to send mail to the children which the other parent shall not open or censor.

c. The right to receive notice and relevant information as soon as practicable but within twenty-four (24) hours of any event of hospitalization, major illness or death of a child.

2

d.     The right to receive directly from the child's school upon
       written request which includes a current mailing address
       and upon payment of reasonable costs of duplicating,
       copies of the child's report cards, attendance records, names
       of teachers, class schedules, standardized test scores and
       any other records customarily made available to parents.

e.     The right to receive copies of the children's medical, health
       or other treatment records directly from the children's
       doctor or other health care provider upon written request which
       contains a current mailing address and upon payment of reasonable
       costs of duplication, and

f.     The right to be free of derogatory remarks made about such parent
       or such parent's family by the other parent to or in the presence of
       the child.

g.     The right to be given at least forty-eight (48) hours notice,
       whenever possible, of all extra-curricular activities, and the
       opportunity to participate or observe, including, but not
       limited to, the following:
       (i) School activities;
       (ii) Athletic activities;
       (iii) Church activities; and
       (iv) Other activities as to which parental participation or
       observation would be appropriate.

h.     The right to receive from the other parent, in the event the
       other parent leaves the state with the minor child or children for
       more than two (2) days, an itinerary including
       telephone numbers for use in the event of an emergency; and

i.     The right of access and participation in education, including
       the right of access to the minor child or children for lunch
       and other activities, on the same basis that is provided to all
       parents, provided the participation or access is reasonable and does
       not interfere with the day-to-day operations or with the child's
       educational performance.

e.     This cause is retained in this Court for the enforcement of this Final Decree and

the issuance of such future orders that may be necessary.

f.     The remaining court costs of this cause shall be accessed against the Defendant,

for which let execution issue if necessary.

ARNOLD GOLL...

**CHANCELLOR**

DATE:                    OCT 2 6 2009

APPROVED:

DANIEL LOYD TAYLOR - 7295
Attorney for Plaintiff
8304 Walnut Grove Rd., Suite 200
Memphis, TN 38018
(901) 624-2244

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has this day forwarded via U.S. Mail, a copy of the foregoing Final Decree of Absolute Divorce to Mr. Ronald Earl Gray, Jr., 10 S. Main St., No. 1402, Memphis, Tennessee 38103, this, the _____ day of October, 2009.

DANIEL LOYD TAYLOR

4

# IN THE CHANCERY COURT
## OF SHELBY COUNTY, TENN.

SHELBY COUNTY
CHANCERY COURT
JUL 21 2009
DEWUN R. SETTLE, C & M
TIME: 14          BY:

STEPHANIE ANNE GRAY,

    Plaintiff,

VS.

                       No.: CH-09-1404-2

RONALD EARL GRAY, JR.,

    Defendant.

## MARITAL DISSOLUTION AGREEMENT

THIS AGREEMENT is made and entered into by and between STEPHANIE ANNE GRAY, hereinafter referred to as "Wife" and RONALD EARL GRAY, JR., hereinafter referred to as "Husband."

### WITNESSETH

WHEREAS, the parties hereto were married on December 1, 2001 in Hawaii; and

WHEREAS, there are two (2) minor children born of this marriage, namely Walker Gray, date of birth November 22, 2003 and Lillian Gray, date of birth July 15, 2006;

WHEREAS, irreconcilable differences have arisen between the parties; and

WHEREAS, said irreconcilable differences have caused the parties to live separate and apart and will continue to cause the parties to live separate and apart; and

WHEREAS, said parties desire by means of this Agreement to compromise, adjust, and settle all questions between them as to their respective marital and separate property rights and obligations; and,

WHEREAS, said parties have made full disclosure of the nature and extent of their assets



and relied on the representation of the other as a material element of this settlement; and,

WHEREAS, each of the parties has been fully advised by the attorney of his or her choice as to their respective rights and liabilities each against the other to and upon the property in the estate of the other.

WHEREAS, pending the entry of the Final Decree of Divorce, the parties agree to the filing of this Agreement and, by said filing, specifically consent to and authorize the entry of a consent order binding them to the terms of this Agreement. By signing this Agreement, the parties stipulate to these terms being enforceable as if they were, at the moment of signing, an order of this Court.

NOW, THEREFORE, in consideration of the promises and mutual covenants, Agreements, and releases herein contained, the said parties do hereby mutually covenant and agree as follows:

## I. CREDIT

The parties hereto agree that neither party shall charge or cause to be charged to the other party any purchases that either of them may make after this Agreement is entered into and shall not create any engagements or obligations in the name of or against the other nor shall either party hereafter secure or attempt to secure any credit upon or in connection with the other. Each warrants that there are no charges on the other's credit that have not been fully revealed to the other. If there are any such unrevealed charges, the party making those charges shall be responsible for the payment of those unrevealed charges.

## II. WAIVER

The parties hereto, exclusive of the terms and provisions of this instrument, each waive

all right, title, and interest, consummate and inchoate, in and to the property and estate of the other by way of expectancy or reversion or otherwise, including marital, insurance, contractual, and all other rights by way of dower, homestead exemption, alimony, or otherwise, in present or in expectancy as to any and all property and estate of the other, and each of the parties does hereby release and discharge the other from any and all control, claims, demands, actions, or causes of action, except as to the obligations imposed by this instrument or by the Court's decree, this being intended as full, final, and complete settlement of the property, marital, and other rights of the parties hereto.

Both parties waive any separate and distinct claim to any retirement and pension benefit of the other party except as may be set out by this Agreement herein, although they are aware of their rights regarding any such pensions and retirement benefits.

## III. ENTIRE AGREEMENT

This Agreement contains the entire understanding and Agreement between the parties. There are no representations, warranties, covenants, or undertakings other than those expressly set forth herein and each party enters into this contract voluntarily, advisedly, and with full knowledge of the financial condition, nature, character, and value of the other's estate. The law of the state of Tennessee shall govern this Agreement in all respects.

## IV. INTERPRETATION

Both parties agree that the usual rule of construction that a document should be construed against the drafter of the document shall not be applied in interpreting the Agreement. The headings in this Agreement are for convenience only and are not to be used in interpreting this Agreement. The singular shall include the plural and vice versa, when the context so requires. Any exhibits to this Agreement are hereby incorporated by reference into and made a part of this

Agreement.

## V. NON-DISCHARGEABILITY

With respect to each party's responsibility for payment of certain debts and liabilities, and their obligation to hold the other harmless for the payment thereof, the parties understand and agree that their obligation is a non-dischargeable debt under the Bankruptcy Code, this obligation being part of the final financial support settlement for both parties.

## VI. NECESSARY DOCUMENTS

Each party at the request of the other will execute and deliver all documents that may be reasonably necessary to give full effect to this Agreement.

## VII. NONCOMPLIANCE

Should either party incur any expense or legal fees as a result of the breach of any portion of this Marital Dissolution Agreement by the other party, the Court shall award reasonable attorney's fees and suit expenses to the non-defaulting party. No breach, waiver, or default of any of the terms of this Agreement shall constitute a waiver of any subsequent breach or default of any of the terms of this Agreement.

## VIII. SEVERANCE

Should the Court hold that any portion of this Agreement is invalid, the remainder shall be in full force and effect and the invalid portion shall be struck from the Agreement or modified as the Court shall order.

## IX. INCORPORATION, PERMANENT AND PENDENTE LITE

In the event of a divorce, it is agreed by the parties that all such parts of this Agreement as might be material, except those that might be lessened or destroyed, shall be incorporated in the Final Decree. Pending the entry of the Final Decree, the parties agree to the filing of this

4

Agreement and, by said filing, specifically consent to and authorize the entry of a Consent Order binding them to the terms of this Agreement.  By the signing of this Agreement, the parties stipulate to these terms being enforceable as if they were, at the moment of signing, an Order of this Court.

## X.  VOLUNTARY EXECUTION

Each party acknowledges that this Agreement has been entered into of his or her own volition with full knowledge and information including tax consequences.  In some instances, it represents a compromise of disputed issues.  Each believes the terms and conditions to be fair and reasonable under the circumstances.  No coercion or undue influence has been used by or against either party in making this Agreement.  Each party acknowledges that no representations of any kind have been made to him or her as an inducement to enter into this Agreement, other than the representations set forth herein.

## XI. MODIFICATION

A modification or waiver of any of the provisions of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement and approved by the Court, if such approval is required.  Failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature.

## XII. RESTRAINING PROVISIONS

Both parties agree not to molest, harass, interfere with, or impose any restraint upon the other except as set out in this Agreement.

## XIII. PRIOR TAX LIABILITIES

If in any connection with any joint Federal Income Tax Returns heretofore filed by the

parties, there is a deficiency assessment, the amount ultimately determined to be due thereon shall be borne by either or both the parties depending on whether the deficiency arose out of the individual income, deduction, or misreporting of one or the other parties (and if so, to what extent), or out of a joint income or deduction. Husband and Wife each represent and warrant to the other that all Federal Income Tax Returns during the marriage are, in all respects, true, correct and complete and fully and accurately reflect income and deductions.

## XIV. DIVORCE PROCEEDINGS FILED

Wife filed a Complaint for Absolute Divorce in the *Chancery* Court of Tennessee for the Thirtieth Judicial District of Tennessee at Memphis under Docket No. *CH-09-1404-2*.

Husband, by signing this Agreement, waives further service of process or notice and waives all rights under the Soldiers and Sailors Civil Relief Act. The Husband acknowledges receipt of a copy of the Complaint for Absolute Divorce and for Temporary Restraining Order in this cause. Further, the Husband will make no other answer or counterclaim and consents to an entry of a Default Judgment and a Final Decree of Divorce and while acknowledging that Wife's counsel does not represent Husband, the Husband specifically authorizes entry of said pleadings by Wife's counsel.

The Husband will be responsible for any remaining court costs in this matter.

## XV. REAL ESTATE

The parties jointly own the property located at 219 Richards Way, Cordova, Tennessee 38018. The parties agree that Wife and children shall have exclusive use of this property and Husband agrees not to come on the property without Wife's consent. The parties agree to leave the property in both names for a period of four years. During this four year period, Wife will be

6

responsible for the mortgage payment, real estate taxes, and homeowners insurance for the property. Wife will also be responsible for any and all repairs necessary to the property up to $500.00. Any repairs over $500.00 will be shared equally by the parties. Also, for as long as said property is in the names of both parties, the mortgage interest deduction will be shared equally by the parties for tax purposes. After the four year period, the property will be placed on the market for sale. Upon sale of the property, any proceeds or losses will be shared equally by the parties.

## XVI. DIVISION OF PROPERTY

1.     Each party will be awarded respectively any asset that is in his or her own name alone except for the assets that are addressed with specificity in this Agreement.

2.     The parties have divided their personal property and furniture, and each party will keep that personal property in his or her possession.

3.     Each party will receive title to his or her car. There is debt owed on the car being taken by Husband, Husband will be responsible for said debt, and Husband will indemnify and hold Wife harmless against said debt. There is no debt on Wife's car.

4.     Husband has a 401(k) with a balance of approximately $10,000.00. Husband will receive all assets contained in his 401(k).

## XVII. DEBTS

1.     Husband will be responsible for the AOL credit card. Husband will indemnify and hold Wife harmless against same.

2.     Wife will be responsible for U. Promise credit card, the First Tennessee credit card, and the AT&T credit card. Wife will indemnify and hold Husband harmless against same.

7

3.      Unless specified otherwise in this Agreement, all debts shall be the responsibility of the party who incurred the debt.  Each party shall hold the other party harmless against any debt that is assigned to him or her.

## XVIII. ATTORNEY'S FEES

Each party shall pay his or her own attorney's fees in connection with this litigation.

## XIX. ALIMONY

$350.00

Husband shall pay to Wife alimony in the amount of $500.00 per month for a period of four years beginning with the month of entry of the Final Decree of Absolute Divorce.  The alimony shall terminate upon the death of the Wife, upon the remarriage of the Wife, or upon the expiration of four years, whichever occurs first.  The alimony shall be tax deductible to the Husband and the alimony shall be included in the taxable income of the Wife.

## XX. NOTICE OF HEALTH INSURANCE TERMINATION

The parties agree that the health insurance notice provisions pursuant to § 56-7-2366 of the Tennessee Code Annotated have been satisfied.  The Wife understands that her health insurance coverage through the Husband's employer cannot continue beyond the entry of the Final Decree of Absolute Divorce. The Wife understands that she may pursue health insurance coverage under the COBRA health insurance continuation provision and Husband will cooperate in all means necessary to assist Wife in obtaining the best rate possible on said medical insurance.

_Stephanie Anne Gray_
STEPHANIE ANNE GRAY, Wife

_Ronald Earl Gray_
RONALD EARL GRAY, JR., Husband

STATE OF TENNESSEE    :

COUNTY OF SHELBY    :

On this 25th day of June , 2009,  personally appeared STEPHANIE ANNE

GRAY to me known to be the person described in and who executed the foregoing instrument

and acknowledged that she executed the same as and for her free act and deed.

_Stacey M Rush_
NOTARY PUBLIC

MY COMMISSION EXPIRES:    MY COMMISSION EXPIRES
APRIL 13, 2011

STACEY M. RUSH
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY

9

STATE OF TENNESSEE   :

COUNTY OF SHELBY   :

On this 25th day of June 2009, personally appeared RONALD EARL GRAY, JR. to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as and for his free act and deed.

_Stacey M Rush_
NOTARY PUBLIC

MY COMMISSION EXPIRES: _MY COMMISSION EXPIRES_
_APRIL 13, 2011_

STACEY M. RUSH
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY

10

| STATE OF TENNESSEE | *CHANCERY* COURT | SHELBY COUNTY |
|---|---|---|

PERMANENT PARENTING PLAN ORDER

FILE NO. CH-09-1404

☐ PROPOSED  ☒ AGREED  ☐ ORDERED BY THE COURT

DIVISION II

SHELBY COUNTY CHANCERY COURT
OCT 12 2009

| PLAINTIFF: STEPHANIE ANNE GRAY | DEFENDANT: RONALD EARL GRAY, JR. |
|---|---|
| ☒ Mother  ☐ Father | ☐ Mother  ☒ Father |

The mother and father will behave with each other and each child so as to provide a loving, stable, consistent and nurturing relationship with the child even though they are divorced. They will not speak badly of each other or the members of the family of the other parent. They will encourage each child to continue to love the other parent and be comfortable in both families.

This plan     ☒ is a new plan.
              ☐ modifies an existing Parenting Plan dated Type Date.
              ☐ modifies an existing Order dated Type Date.

| Child's Name | Date of Birth |
|---|---|
| Walker Gray | 11-22-03 |
| Lillian Gray | 7-16-06 |

## I.   RESIDENTIAL PARENTING SCHEDULE

### A.   RESIDENTIAL TIME WITH EACH PARENT

The Primary Residential Parent is <u>Mother.</u>

Under the above schedule each parent will spend the following number of days with the children:

Mother <u>365</u> days Father <u>0</u> days.

### B.   DAY-TO-DAY SCHEDULE

<u>The Father will not have any overnight parenting time with the children. He will have six hours every weekend, divided between Saturday and Sunday as mutually agreed upon by the parties. The parenting time shall take place at a mutually agreed upon location with Mother or the maternal grandmother present.</u>

### C.   HOLIDAY SCHEDULE AND OTHER SCHOOL FREE DAYS:

<u>The holiday schedule parenting time will be by mutual agreement and arrangement of the parties.</u>

EXHIBIT
3

06/08/05

**D.    FALL VACATION** (*If applicable*)

The fall vacation parenting time will be by mutual agreement and arrangement of the parties.

**E.    WINTER (CHRISTMAS) VACATION**

The winter vacation parenting time will be by mutual agreement and arrangement of the parties.

**F.    SPRING VACATION** (*If applicable*)

The spring vacation parenting time will be by mutual agreement and arrangement of the parties.

**G.    SUMMER VACATION**

The summer vacation parenting time will be by mutual agreement and arrangement of the parties.

**H.    TRANSPORTATION ARRANGEMENTS**

The place of meeting for the exchange of the child or children shall be <u>by mutual agreement of the parties.</u>

**I.    SUPERVISION OF PARENTING TIME** (*If applicable*)

☐ **Check if applicable**

Supervised parenting time shall apply during the day-to-day schedule as follows:

☐ Place: <u>Type Location of Parenting Time.</u>
☐ Person or organization supervising: <u>Type Person or Organization Supervising</u>
☐ Responsibility for cost, if any: ☐ mother ☐ father ☐ both equally.

**J.    OTHER**

The following special provisions apply: <u>If Mother should die prior to any child reaching the age of majority, the parties agree that the maternal grandmother of the children, Rachael Brite, will have legal custody of the minor children.</u>

## II.    DECISION-MAKING

**A.    DAY-TO-DAY DECISIONS**

Each parent shall make decisions regarding the day-to-day care of a child while the child is residing with that parent, including any emergency decisions affecting the health or safety of a child.

**B.    MAJOR DECISIONS**

Major decisions regarding each child shall be made as follows:

| | | | |
|---|---|---|---|
| Educational decisions | ☒ mother | ☐ father | ☐ joint |
| Non-emergency health care | ☒ mother | ☐ father | ☐ joint |
| Religious upbringing | ☒ mother | ☐ father | ☐ joint |
| Extracurricular activities | ☒ mother | ☐ father | ☐ joint |

### III.    FINANCIAL SUPPORT

#### A.    CHILD SUPPORT

Father's gross monthly income is $ 7,500.00.
Mother's gross monthly income is $ 0.

1. The final child support order is as follows:
   a. The ☐ mother ☒ father shall pay to the other parent as regular child support the sum of $2,000.00 ☐ weekly ☒ monthly ☐ twice per month ☐ every two weeks. The Child Support Worksheet shall be attached to this Order as an Exhibit.*

   *[handwritten left margin: Child Support will be reevaluated when mother returns to the workforce.]*

   If this is a deviation from the Child Support Guidelines, explain why: The parties agree that this child support obligation is a slight deviation upward, but it is necessary because of the additional and special expenses required for tutoring, counseling, and treatment for the minor son of the parties.

   If Mother should have to return to the workforce before both children are in Kindergarten, Father agrees to pay 50% of any incurred child care expenses.

2. Retroactive Support: A judgment is hereby awarded in the amount of $Amount to ☐ mother ☐ father against the child support payor representing retroactive support required under Section 1240-2-4.06 of the D.H.S. Income Shares Child Support Guidelines dating from Please Type Date of Child Support Start which shall be paid (including pre/post judgment interest) at the rate of $Please Type Rate of Payment per ☐ week ☐ month, ☐ twice per month ☐ every two weeks until the judgment is paid in full.

3. Payments shall begin on Immediately.

This support shall be paid:

☒ directly to the other parent.
☐ to the Central Child Support Receipting Unit, P. O. Box 305200, Nashville, Tennessee 37229, and sent to the other parent at:Please Type Address of Receiving Parent.
   A Wage Assignment Order is attached to this Parenting Plan
☐ by direct deposit to the other parent at Please Type Name of Bank Bank for deposit in account no. Please Type Account Number.
☐ other:Please Enter Any Other Information Here.

The parents acknowledge that court approval must be obtained before child support can be reduced or modified.

*Child Support Worksheet can be found on DHS website at http://www.state.tn.us/humanserv/is/incomeshares.htm or at your local child support offices.

**B.     FEDERAL INCOME TAX EXEMPTION**

The ☒ mother ☐ father is the parent receiving child support.

The Mother shall claim the following children: <u>Walker Gray and Lillian Gray.</u>

The Father shall claim the following children:

The ☐ mother ☐ father may claim the exemptions for the child or children so long as child support payments are current by the claiming parent on January 15 of the year when the return is due. The exemptions may be claimed in: ☐ alternate years starting <u>Type Start Date</u> ☐ each year ☐ other: <u>Please Type Other Information.</u>

The ☒ mother ☒ father will furnish IRS Form 8332 to the parent entitled to the exemption by February 15 of the year the tax return is due.

**C.     PROOF OF INCOME AND WORK-RELATED CHILD CARE EXPENSES**

Each parent shall send proof of income to the other parent for the prior calendar year as follows:

- IRS Forms W-2 and 1099 shall be sent to the other parent on or before February 15.
- A copy of his or her federal income tax return shall be sent to the other parent on or before April 15 or any later date when it is due because of an extension of time for filing.
- The completed form required by the Department of Human Services shall be sent to the Department on or before the date the federal income tax return is due by the parent paying child support. *This requirement applies only if a parent is receiving benefits from the Department for a child.*

The parent paying work-related child care expenses shall send proof of expenses to the other parent for the prior calendar year and an estimate for the next calendar year, on or before February 15.

**D.     HEALTH AND DENTAL INSURANCE**

Reasonable health insurance on the child or children will be:
- ☐ maintained by the mother
- ☒ maintained by the father
- ☐ maintained by both

Proof of continuing coverage shall be furnished to the other parent annually or as coverage changes. The parent maintaining coverage shall authorize the other parent to consult with the insurance carrier regarding the coverage in effect.

Uncovered reasonable and necessary medical expenses, which may include but is not limited to, deductibles or co-payments, eyeglasses, contact lens, routine annual physicals, orthodontic expenses and counseling will be paid by <u>equally by the parties.</u> After insurance has paid its portion, the parent receiving the bill will send it to the other parent within ten days. The other parent will pay his or her share within 30 days of receipt of the bill.

---

*NOTE: The child support schedule assumptions in the guidelines (1-10-2-1-.03 (6)(b) ) assume that the parent receiving the child support will get the tax exemptions for the child.

4

If available through work, the ☐ mother ☒ father shall maintain dental, orthodontic, and optical insurance on the minor child or children.

## E.   LIFE INSURANCE

If agreed upon by the parties, the ☐ mother ☒ father ☐ both shall insure his/her own life in the minimum amount of $250,000 by whole life or term insurance.   Until the child support obligation has been completed, each policy shall name the following as sole irrevocable primary beneficiary: ☒ the other parent, ☐ the other parent, as trustee for the benefit of the children, to serve without bond or accounting, ☐ other Type Other Information.  If Father has more life insurance available to him through his work, Father will obtain said life insurance coverage on his life, with the children named as beneficiaries, with Mother serving as trustee for the benefit of the children.  All such life insurance shall be kept in place for such long as Father has a child support obligation to his children.  If for some reason Mother should be unable to serve as trustee for the benefit of the minor children, then Mother's mother, Rachael Brite, shall serve as alternate trustee.

## IV. PRIMARY RESIDENTIAL PARENT (CUSTODIAN) FOR OTHER LEGAL PURPOSES

The child or children are scheduled to reside the majority of the time with the ☒ mother ☐ father. This parent is designated as the primary residential parent also known as the custodian, SOLELY for purposes of any other applicable state and federal laws. If the parents are listed in Section II as joint decision-makers, then, for purposes of obtaining health or other insurance, they shall be considered to be joint custodians. THIS DESIGNATION DOES NOT AFFECT EITHER PARENT'S RIGHTS OR RESPONSIBILITIES UNDER THIS PARENTING PLAN.

## V. DISAGREEMENTS OR MODIFICATION OF PLAN

Should the parents disagree about this Parenting Plan or wish to modify it, they must make a good faith effort to resolve the issue by the process selected below before returning to Court. *Except for financial support issues including child support, health and dental insurance, uncovered medical and dental expenses, and life insurance,* disputes must be submitted to:

   ☒   Mediation by a neutral party chosen by the parents or the Court.
   ☐   Arbitration by a neutral party selected by parents or the Court.
   ☐   The Court DUE TO ORDER OF PROTECTION OR RESTRICTIONS.

The costs of this process may be determined by the alternative dispute process or may be assessed by the Court based upon the incomes of the parents. It must be commenced by notifying the other parent and the Court by ☒ written request ☐ certified mail ☐ other: Please Type Other Information
In the dispute resolution process:

A.  Preference shall be given to carrying out this Parenting Plan.
B.  The parents shall use the process to resolve disputes relating to implementation of the Plan.
C.  A written record shall be prepared of any agreement reached, and it shall be provided to each parent.

D. If the Court finds that a parent willfully failed to appear without good reason, the Court, upon motion, may award attorney fees and financial sanctions to the prevailing parent.

## VI.    RIGHTS OF PARENTS

Under T.C.A. § 36-6-101 of Tennessee law, both parents are entitled to the following rights:

(1) The right to unimpeded telephone conversations with the child at least twice a week at reasonable times and for reasonable durations;

(2) The right to send mail to the child which the other parent shall not open or censor;

(3) The right to receive notice and relevant information as soon as practicable but within twenty-four (24) hours of any event of hospitalization, major illness or death of the child;

(4) The right to receive directly from the child's school any school records customarily made available to parents. (The school may require a written request which includes a current mailing address and upon payment of reasonable costs of duplicating.) These include copies of the child's report cards, attendance records, names of teachers, class schedules, and standardized test scores;

(5) The right to receive copies of the child's medical health or other treatment records directly from the physician or health care provider who provided treatment or health care. (The keeper of the records may require a written request which contains a current mailing address and the payment of reasonable costs of duplication.) No person who receives the mailing address of a parent as a result of this requirement shall provide such address to the other parent or a third person;

(6) The right to be free of unwarranted derogatory remarks made about the parent or his or her family by the other parent to the child or in the presence of the child;

(7) The right to be given at least forty-eight (48) hours notice, whenever possible, of all extra-curricular activities, and the opportunity to participate or observe them. These include the following: school activities, athletic activities, church activities and other activities where parental participation or observation would be appropriate;

(8) The right to receive from the other parent, in the event the other parent leaves the state with the minor child or children for more than two (2) days, an itinerary including telephone numbers for use in the event of an emergency;

(9) The right to access and participation in education on the same basis that is provided to all parents. This includes the right of access to the child for lunch and other activities. However participation or access must be reasonable and not interfere with day-to-day operations or with the child's educational performance.

6

## VII.   NOTICE REGARDING PARENTAL RELOCATION

The Tennessee statute (T.C.A. § 36-6-108) which governs the notice to be given in connection with the relocation of a parent reads in pertinent part as follows:

If a parent who is spending intervals of time with a child desires to relocate outside the state or more than one hundred (100) miles from the other parent within the state, the relocating parent shall send a notice to the other parent at the other parent's last known address by registered or certified mail.   Unless excused by the court for exigent circumstances, the notice shall be mailed not later than sixty (60) days prior to the move. The notice shall contain the following:

(1) Statement of intent to move;
(2) Location of proposed new residence;
(3) Reasons for proposed relocation; and
(4) Statement that the other parent may file a petition in opposition to the move within thirty (30) days of receipt of the notice.

## VIII.   PARENT EDUCATION CLASS

This requirement has been fulfilled by ☐ both parents ☒ mother ☐ father ☐ neither.

Failure to attend the parent education class within 60 days of this order is punishable by contempt.

Under penalty of perjury, we declare that this plan has been proposed in good faith and is in the best interest of each minor child and that the statements herein and on the attached child support worksheets are true and correct. (A notary public is required if this is a proposed plan by one parent rather than one agreed by both parents.)

_____          11-25-08     Memphis, TN
Mother                                    Date and Place Signed

Sworn to and subscribed before me this 26th day of June , 20 09 .

                                    MY COMMISSION EXPIRES
                                        APRIL 13, 2011
My commission expires: _____

                                    _____
                                    Notary Public

_____          6-25-08
Father                                    Date and Place Signed

Sworn to and subscribed before me this 26th day of June , 20 09 .

                                    MY COMMISSION EXPIRES
                                        APRIL 13, 2011
My commission expires: _____

                                    _____
                                    Notary Public

7

APPROVED FOR ENTRY:

DANIEL LOYD TAYLOR (7295)
Attorney for Mother
8304 Walnut Grove Road, Suite 200
Memphis, Tennessee 38018
(901) 624-2244

*Note: The judge or chancellor may sign below or, instead, sign a Final Decree or a separate Order incorporating this plan.*

COURT COSTS (If applicable)

Court costs, if any, are taxed to _Father_.                    OCT 1 2 2009

It is so ORDERED this the _____ day of _____, _____.

ARNOLD B. GOLDIN
_____
Judge or Chancellor



STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INS
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

7010 2780 0001 2570 5766

7010 2780 0001 2570 5766 · 2/28/11
AETNA LIFE INSURANCE COMPANY
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710