IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE ANNE GRAY, Individually and as Administratrix of the Estate of RONALD EARL GRAY, JR., Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>    Defendant. | No. 11-2204-STA-dkv |

### ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DECLARATORY JUDGMENT

Before the Court is Plaintiff's Motion for Entry of a Declaratory Judgment (D.E. # 13), filed on January 9, 2012. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### BACKGROUND

Plaintiff filed her Complaint for Declaratory Judgment and to Enforce the Final Decree of Divorce in Shelby County Chancery Court on February 8, 2011. (D.E. # 1-2, at 5.) She sought the creation of a constructive trust related to benefits arising from her ex-husband's, Ronald Early Gray, Jr. ("Mr. Gray"), group life insurance benefit plan through his employment at E.W. Scripps. (*Id.* at 6.) Defendant removed the case to this Court on March 18, 2011, under federal question jurisdiction because Mr. Gray's group life insurance benefit plan was covered by the Employment Retirement Income Security Act of 1974 ("ERISA"). (Notice of Removal, D.E. # 1, at 2.) Because Plaintiff alleged that the proceeds under the ERISA-covered plan should be

1

paid to two beneficiaries even though only one beneficiary was listed on the policy, Defendant noted that the Court's interpretation of Plaintiff's claim would fall within ERISA's civil enforcement provision. (*Id.*) After Defendant filed its Answer on May 26, 2011 (D.E. # 10), it filed a Motion to Deposit Funds and for Dismissal on December 20, 2011. (D.E. # 11.) The Court granted the Motion, and Defendant deposited $195,000.00 in full satisfaction of its obligations under the life insurance policy at issue. (D.E. # 12, at 1.) Defendant was subsequently dismissed from the case with prejudice. (*Id.*) Plaintiff then filed the Motion now before the Court on January 9, 2012. (D.E. # 13.) As there are no other parties to the case, no response in opposition has been filed.

The following facts are undisputed for purposes of this Motion. Plaintiff is the mother and guardian of two minor children born of the marriage between herself and Mr. Gray. (Pl.'s Statement of Undisputed Material Facts, D.E. # 13-1, at 1.) When the Motion was filed, their son was seven years old, and their daughter was four years old. (*Id.*) Plaintiff and Mr. Gray's divorce was granted by a Final Decree of Absolute Divorce ("the Divorce Decree") on October 26, 2009. (*Id.*) Plaintiff received absolute care and custody of the children. (*Id.*) The Divorce Decree incorporated by referenced by the Marital Dissolution Agreement ("MDA") and the Permanent Parenting Plan Order ("PPP"). (*Id.* at 2.)

The PPP contained a provision under Section III, entitled "Financial Support," Part E, entitled "Life Insurance," which provided as follows: "If [Mr. Gray] has more life insurance available to him through his work, [Mr. Gray] will obtain said life insurance coverage on his life, with the children named as beneficiaries, with [Plaintiff] serving as trustee for the benefit of the children." (PPP, D.E. # 1-2, at 28.) The PPP was signed on June 25, 2009. (*Id.* at 30.)

Mr. Gray had a life insurance policy through Defendant (" the Policy") at his employment with E.W. Scripps when the PPP, MDA, and Divorce Decree were executed. (*Id.* at 2-3.) Mr. Gray passed away on June 23, 2010. (*Id.* at 2.) At the time of his passing, the Policy was still in force, but it named Mr. Gray's son as the sole beneficiary. (*Id.*)

In her Motion, Plaintiff argues that Mr. Gray did not comply with the PPP because he designated his son as the sole beneficiary under the Policy. (Pl.'s Mot., D.E. # 13-2, at 2.) Such a designation flouted the authority of the Shelby County Chancery Court's PPP, MDA, and Divorce Decree. (*Id.*) As such, Plaintiff cites to Tennessee's trust law and argues that the Court should impose a constructive trust on the Policy's proceeds in compliance with the PPP's terms. (*Id.*)

## **ANALYSIS**

Generally, ERISA completely preempts most state laws, and divorce decrees purporting to affect the benefits payable under an ERISA plan are no exception.[1] However, if a divorce decree counts as a qualified domestic relations order ("QDRO"), it is exempt from ERISA's coverage.[2] But the Court need not decide whether the Divorce Decree qualifies as a QDRO, as the Sixth Circuit has noted that "once the benefits [of an ERISA employee welfare benefit plan] have been released to the properly designated beneficiary, the district court has the discretion to impose a constructive trust upon those benefits in accordance with applicable state law if equity

---

[1] 29 U.S.C. § 1144(a); *Unicare Life & Health Ins. Co. v. Craig*, 157 F. App'x 787, 791 (6th Cir. 2005).

[2] 29 U.S.C. § 1056(d)(3).

3

so requires."[3] Here, the parties have agreed to the payment of the Policy's benefits into the Court's funds, and Defendant has deposited them. Therefore, because Defendant properly released the benefits, the Court turns to Tennessee law to determine whether to impose a constructive trust.

In Tennessee, equity regards that as done which in good conscience ought to be done.[4] Tennessee courts exercise their equitable jurisdiction to impose a constructive trust to "protect persons legally mandated to be listed as beneficiaries of a life insurance policy."[5] Constructive trusts are used in Tennessee to avoid the unjust enrichment of a person who "has obtained or holds the legal title to property which he ought not, in equity and good conscience[,] to hold and enjoy."[6] A Tennessee divorce decree mandating an individual to be listed as a beneficiary of a life insurance policy existing at the time of the decree vests in that individual an equitable interest in the designated policy, and the deprivation of the interest requires the creation of a constructive trust.[7] When confronted with these issues under ERISA plans, federal courts applying Tennessee law have created constructive trusts when equity required.[8]

Here, the Court finds that equity requires payment of the Policy's proceeds to be under

---

[3] *Cent. States, S.E. & S.W. Areas Pension Fund. v. Howell*, 227 F.3d 672, 679 (6th Cir. 2000).

[4] *Holt v. Holt*, 995 S.W.2d 68, 71 (Tenn. 1999).

[5] *Id.* at 72.

[6] *Id.*

[7] *Herrington v. Boatright*, 633 S.W.2d 781 (Tenn. Ct. App. 1982).

[8] *Brake v. Metro. Life. Ins. Co.*, No. 3:09-CV-00271, 2010 WL 2632913 (M.D. Tenn. June 25, 2010); *Hudgins* ex rel. *Hudgins v. Unumprovident Corp.*, No. 3:04-992, 2005 WL 2452589 (M.D. Tenn. Oct. 4, 2005).

the terms of the PPP, and Plaintiff's Motion is **GRANTED**.  Upon entry of the Divorce Decree, Plaintiff became fully vested in the proceeds of Mr. Gray's Policy.  Even though Mr. Gray failed to make the required beneficiary designation of the Policy prior to his death, the order of the Chancery Court of Shelby County fully vested Plaintiff with an interest in the Policy's proceeds.  The Court finds the PPP to be valid and enforceable, and it was in place at the time of Mr. Gray's death.  Accordingly, the Court imposes a constructive trust, and payment of the Policy's proceeds shall be pursuant to the PPP's requirements in Section III, Part E.  The proceeds deposited by Defendant with the Court shall be paid to Plaintiff in her capacity as administratrix of Mr. Gray's estate, and the constructive trust shall be administered by Plaintiff in accordance with the PPP.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

DATE: April 13, 2012.